# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PATRICK S. McGUIRE,**

    Petitioner,

v.                                             **Civil Action No. 5:20-cv-8**
                                                                      **(BAILEY)**

**WARDEN R. HUDGINS,**

    Respondent.

## REPORT AND RECOMMENDATION

### I.    Introduction

On January 15, 2020, the petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241. [Doc. 1]. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned for submission of a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. The matter is before the court for an initial review of the petition pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that the petitioner is not entitled to relief.

### II.    Background[1]

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket available on PACER. **See United States v. Patrick S. McGuire**, 3:14-cr-30148-NJR (SD IL). **Philips v. Pitt Cnty. Mem. Hosp**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On August 20, 2014, a one-count Indictment was returned against the petitioner in the United States District Court for the Southern District of Illinois charging him with Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951. [Doc. 14]. The petitioner entered into an Agreement to Plead Guilty on January 20, 2015. [Doc. 28]. On May 11, 2015, the petitioner was sentenced to a term of 188 months of imprisonment to be followed by three years of supervised release. [Doc. 38].

On May 15, 2015, the petitioner filed a Notice of Appeal. [Doc. 40]. In light of **Johnson v. United States**, 135 S.Ct. 2551 (2015), the government agreed that the petitioner was improperly sentenced as a career offender. Therefore, on September 21, 2016, the Circuit Court of Appeals vacated the petitioner's sentence and remanded for full resentencing. [Doc. 58-2].

On February 6, 2017, the petitioner was sentenced to a term of 120 months incarceration to again be followed by three years of supervised release. The petitioner's current projected release date is February 3, 2023 via good conduct time. **See** www.bop.gov/inmateloc/.[2]

## The Petition

The petitioner is currently incarcerated at FCI Gilmer and is asking this Court to grant him a full year in an approved halfway house. In addition, he is asking the Court to grant him $500 "Gate Money" upon his release. The petitioner cites no statutory or case law in support of his requests.

---

[2] On July 15, 2020, the petitioner filed a Motion for Compassionate Release with the sentencing court pursuant to the First Step Act. [Doc. 97]. The Motion was denied on August 4, 2020. [Doc. 100].

### III. Standards of Review

**A. Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court**. See Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief with respect to her request for RRC placement or home confinement.

### IV. Analysis

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-99, was enacted. It amended 18 U.S.C. § 3624 and provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final

months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." See 18 U.S.C. § 3624(c)(l). The statute provides that those conditions may include confinement in a community correctional facility/community corrections center/residential re-entry center, all of which are commonly known as a "half-way house." The statute provides that the decision to confine a prisoner in a "half-way" house shall be made on an individual basis and shall be made considering several factors, most of which are identified in 18 U.S.C. 362l (b). **See Miller v. Whitehead**, 527 F.3d 752 (8th Cir. 2008) (BOP may consider factors in addition to those identified in 3621(b)). The factors identified in 18 U.S.C. § 3621(b) are as follows:

    (1) the resources of the facility contemplated;

    (2) the nature and circumstances of the offense;

    (3) the history and characteristics of the prisoner;

    (4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and

    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."

However, a prisoner is not automatically entitled or guaranteed such placement for any minimum period. 18 U.S.C. § 3624(c). The Second Chance Act does not alter this rule.

It is well established that an inmate has no constitutional right to be confined to a particular institution, **Meachum v. Fano**, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. **Olim v. Waukinekona**, 461

U.S. 238 (1983). Thus, because the petitioner has no protected liberty interest in being placed in an RRC prior to his release, and the decision whether to make such placement is clearly a matter of prison management within the knowledge and expertise of BOP officials, this Court cannot intervene in that decision unless a clear constitutional violation occurred.

The petitioner makes no claim that the BOP has committed a constitutional violation, and in fact, he makes no allegation that the BOP has denied him RRC placement. Instead, it appears that he is objecting to his **projected** halfway house eligibility date that allows him only nine months. [Doc. 1-1 at 3]. To the extent that the petitioner is requesting that this Court compel the BOP to place him in an RRC for the maximum period of 12 months, this Court does not have to authority to do so.

The petitioner does not reference any statute or policy with respect to "gate money." However, 18 U.S.C. § 3624 provides authority for "release gratuity," a/k/a "gate money" which a departing prisoner may be given:

> (d) Allotment of clothing, funds, and transportation.-- Upon the release of a prisoner or the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with—
>
> (1) suitable clothing;
>
> (2) an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished; and
>
> (3) transportation…

18 U.S.C. § 3624(d). The BOP, in turn, has promulgated 28 CFR § 571.20 **Purpose and Scope**, which implements the statute, by providing as follows:

> It is the policy of the Bureau of Prisons that an inmate being released to the community will have suitable clothing, transportation to the inmate's release destination, and some funds to use until he or she begins to receive income. Based on the inmates need and financial resources, a discretionary gratuity up to the amount permitted by statute may be granted.

28 C.F.R. § 571. The BOP manual for application of these provisions is Program Statement 5873.06.

The law governing these gratuities is clear and uncomplicated. The terms of the statute provide that the maximum sum which a prisoner may be given is $500, and also provide that a prisoner may be denied any sum at all. 18 U.S.C.A. § 3624(d)(2). Most importantly, the statute leaves the amount of the gratuity to be "determined by the Director to be consistent with the needs of the offender and the public interest." *Id.* Likewise, the BOP regulation implementing the statute refers to the "funds" as "a discretionary gratuity." 28 U.S.C.A. § 571.20.

Accordingly, there is no question that the decision for each out-going prisoner is discretionary, must be made by the BOP, must be independently set for each prisoner, and can be any amount up to the $500 maximum. The courts addressing the issue agree. **Kenan v. Francis**, 2006 WL 3900109 (N.D.W. Va. 2006) (not selected) (citing **Palmer v. Bureau of Prisons**, 2006 WL 533511 (D. Or. 2006) for the proposition that "gate money to departing inmates … is merely a discretionary gratuity"); see also **Morrow v. Rios**, 2009 WL 924525 at *14 (D. Minn. 2009) ("[W]hether to grant a prisoner a release gratuity, is purely discretionary").

In conclusion, the petitioner has not presented a claim which this Court has jurisdiction to address. When subject matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." **Steel Co.**

*v. Citizens for a Better Env't*, 523 US 83, 93-101 (1998); ***Reinbold v. Evers***, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).

## VI. <u>Recommendation</u>

Based on the foregoing reasoning, the undersigned recommends that the petition be **DENIED and DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  August 6, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE